UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | Case No. 3:19-cv-05479-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 15, 25 |

Plaintiff Rolando Martinez initially filed a class action complaint against defendant BMW of North America, LLC in the United States District Court for the Central District of California. After that complaint was dismissed without prejudice for a minor defect in its jurisdictional pleadings, Martinez declined to amend and instead filed anew in Alameda County Superior Court. BMW removed the case to federal court and now moves to transfer it back to the Central District. All of the events giving rise to Martinez's claims arose in the Central District and the interests of justice support a transfer. For the reasons set forth below, I will grant BMW's motion.

**BACKGROUND**

On February 22, 2015, Martinez purchased a used 2012 BMI 750i from a CarMax dealership in San Bernadino County. First Amended Complaint ("FAC") [Dkt. No. 19] ¶ 32. At that time the car was still covered by California's emissions warranty. *Id.* ¶ 33. In February 2016, Martinez took his vehicle to Century West BMW, an authorized repair facility. *Id.* ¶ 34; BMW's Request for Judicial Notice[1] ("RJN") Ex. A [Dkt. No. 16-1]. Although BMW had paid for earlier

---

[1] BMW requests judicial notice of the two orders for the repair work done on Martinez's vehicle. Martinez does not oppose. Under the "incorporation by reference" doctrine, a court may "consider materials incorporated into the complaint or matters of public record," including "documents in situations where the complaint necessarily relies upon a document or the contents of the document

repairs, Martinez paid $619.47, plus tax out of pocket for the February 2016 repairs. FAC ¶¶ 34, 36. In October 2016, Martinez returned to Century West BMW for additional work on his vehicle and paid $1,902.22, plus tax out of pocket. *Id.* ¶ 37; RJN Ex. B [Dkt. No. 16-2].

Martinez asserts that BMW should have paid for both of these repair visits under the 7-year 70,000-mile California emissions warranty. FAC ¶ 38. Specifically, "pursuant to California Code of Regulations section 2037(c), the parts relating to said repairs should have been identified by BMW as high-priced warranted parts, due to the costs associated with the parts and labor relating to diagnosing the failure and replacing said parts." *Id.* Martinez brings claims on behalf of a proposed class of owners and lessees of BMW vehicles whom BMW has allegedly injured by failing to identify high-priced warranty parts properly. FAC ¶¶ 50-53.

On May 31, 2019, Martinez brought suit against BMW in the United States District Court for the Central District of California. Oppo. 4. On June 11, 2019, the Hon. Percy Anderson dismissed the complaint *sua sponte* upon determining that the plaintiff had failed to plead the citizenship of one party in order to invoke jurisdiction under the Class Action Fairness Act. *Id.*; Mot. 1. Martinez declined to amend and that case was dismissed without prejudice on June 27, 2019. Oppo. 4.

On July 17, 2019, Martinez initiated this case in Alameda County Superior Court; BMW then removed it to federal court. *See* Notice of Removal, Ex. A [Dkt. Nos. 1, 1-1]. BMW filed a motion to transfer on October 14, 2019. Motion to Transfer ("Mot.") [Dkt. No. 15]. As agreed by the parties, Martinez filed an amended complaint on November 12, 2019.

**LEGAL STANDARD**

Provided that the action might have been brought in the transferee court, a court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice. 28 U.S.C. § 1404(a); *Lee v. Lockheed Martin Corp.*, No. 03-cv-1533-SI, 2003 WL 22159053, at *1 (N.D. Cal. Sept. 16, 2003). The Ninth

---

are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The request for judicial notice of the repair requests is GRANTED.

2

Circuit requires that courts consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (Chen, J.). The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for a defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

## DISCUSSION

There is no question that the Central District is a proper venue for Martinez's case against BMW; indeed, Martinez initially filed there.[2] The question before me is whether the convenience factors and the interest of justice favor transfer. Application of the Section 1404(a) factors to the circumstances of this case shows that transfer is appropriate.

### I. CONVENIENCE FACTORS

#### A. Plaintiff's Choice of Forum

"For purposes of a section 1404(a) analysis, the plaintiff's choice of forum always weighs against transfer." *Brown v. Abercrombie & Fitch Co.*, 13-cv-05205-YGR, 2014 WL 715082, at *3 (N.D. Cal. Feb. 14, 2014). The question is "how much weight to give this choice relative to the other factors." *Id.* The deference afforded to the plaintiff's choice is "substantially diminished" where "(1) the plaintiff's venue choice is not its residence, (2) the conduct giving rise to the claims occurred in a different forum, (3) the plaintiff sues on behalf of a putative class, or (4) plaintiff's choice of forum was plaintiff's second choice." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp.

---

[2] BMW asserts, and Martinez does not dispute, that the complaint here is nearly identical to the complaint filed in the Central District. *See* Mot. 5.

3

2d 1088, 1094 (N.D. Cal. 2013) (internal quotation marks and citations omitted).

Here, all of the circumstances demonstrate that the deference to be shown to Martinez's choice of forum is substantially diminished. Martinez lives in the Central District. The conduct giving rise to Martinez's claim occurred in the Central District. Martinez sues on behalf of a putative class. Finally, Martinez sued in the Central District prior to filing suit in this district. In arguing that his choice of forum is entitled to deference, Martinez merely asserts that venue is proper here and that he had "the right" to discontinue his pursuit of the Central District case in favor of filing in Alameda County.[3] *See* Oppo. 7-8. While this may be true, it does not show that more than minimal deference is due. Although the plaintiff's choice always disfavors transfer, here that choice is entitled to little weight. *See Brown*, 2014 WL 715082, at *4 (affording "significantly reduced deference" where the plaintiffs lived in the Central District, where the activities occurred in there, and where the case was a class action).

## B. Party and Witness Convenience, Ease of Access to Evidence

BMW argues that the Central District will be more convenient for it, its counsel, Martinez, and Martinez's counsel because they all reside there. Mot. 10. Martinez counters that I should not consider the location of counsel and that BMW's arguments about his own convenience are "irrelevant and inaccurate" given that he has chosen this forum. Oppo. 10. This factor is neutral. The location of counsel is not generally a significant factor, and while Martinez lives in the Central District, he declared this forum convenient for him when he filed his case here. *See Reflex Packaging, Inc. v. Audio Video Color Corp.*, 13-cv-033070SI, 2013 WL 5568345, at *3 (N.D. Cal. Oct. 9, 2013) (declining to consider the location of plaintiff's counsel). Apart from its counsel's location, BMW raises no reasons why the Northern District would be less convenient for it than the Central District.

On the other hand, "The convenience to the witnesses is the most important factor in a section 1404(a) analysis, and the convenience of non-party witnesses is more important than the

---

[3] Later in his opposition, Martinez does assert that BMW has contacts with the Northern District that give weight to his choice of forum even though the case is a class action. *See* Oppo. 8-9. This argument is not relevant to the analysis under this factor.

4

convenience of the parties."[4] *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014). BMW asserts that non-party witnesses from Century West BMW, the dealership that serviced Martinez's car, are located in or near North Hollywood in the Central District. Mot. 11; *see Yung Kim v. Volkswagen Grp. of Am., Inc.*, No. C 12-1156 CW, 2013 WL 1283399, at *2 (N.D. Cal. Mar. 26, 2013) (finding the Central District more convenient where a plaintiff's car was purchased and serviced there several times). In response, Martinez criticizes BMW for failing to identify specific individuals and their anticipated testimony, and he offers to reimburse non-party witnesses for their travel to this district. Oppo. 11.

As a general matter, I agree with BMW that cost is not the only inconvenience associated with witness travel from the Central District to this one. *See* Reply 8. But Martinez identifies other anticipated non-party witnesses for whom this district would be more convenient, namely individuals from the California Air Resources Board, the state regulatory agency in Sacrament that creates and administers regulation standards. Oppo. 11; *id.* at 12 (describing their expected testimony). With potential non-party witnesses on both sides, this factor weighs neither for nor against transfer.

Finally, BMW asserts that ease of access to evidence favors transfer because the evidence from both Martinez and from Century West will be located in the Central District, and no such evidence is in this district. Mot. 11. Martinez counters that access to evidence is neutral because of the likelihood that documents are electronically stored and can be electronically retrieved. Oppo. 12. Given these considerations, I find that this factor is neutral.[5]

## II. INTEREST OF JUSTICE

To decide whether transfer is in the interest of justice, courts consider factors including

---

[4] According to BMW, its own witnesses are located in or around New Jersey. Mot. 11. In any event, "the convenience of a litigant's employee witnesses [is] entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *Skyriver Tech. Sols., LLC v. OCLC Online Computer Library Ctr., Inc.*, 10-cv-03305-JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010).

[5] Martinez also argues that the ease of access to documentary evidence is "not itself sufficient" to upset his forum choice, but in the cases he cites, the plaintiff's choice was entitled to more deference than it is entitled to her. *See id.*

5

"court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Park*, 964 F. Supp. 2d at 1095–96. Here, the parties only dispute each forum's interest in deciding the controversy; the other factors are neutral. *See* Mot. 11-12; Oppo. 13-14.

BMW argues that the Central District has a greater interest in deciding this controversy because Martinez purchased his car there and had it serviced there. Mot. 12. Martinez does not dispute these facts. He contends that the Northern District also has "an interest,"[6] particularly given that he has alleged state-wide violations of California law. Oppo. 8-9. In addition, he notes that there are 11 authorized repair centers in this district, meaning members of the putative class have been injured in this district. *Id.* at 2, 8. In its Reply, BMW avers that the Central District has more than twice that number of repair facilities. Reply 6.

The Central District's greater interest in the controversy favors transfer. As far as Martinez as an individual, all of the events giving rise to his cause of action occurred there. As far as the class as a whole, there are more than double the number of authorized repair facilities in the Central District. Finally, the circumstances of this case favor transfer in the interest of justice. Martinez initially filed in the Central District and he has offered no reason why he declined to pursue his case there, only to file suit in Alameda County Superior Court just three weeks later. As he points out, he has the right to pursue his case as he sees fit. But these circumstances smack of forum shopping, and Martinez's right to pursue his case as he sees fit does not obscure the obviously greater interest of the Central District in this controversy.

## CONCLUSION

With little deference owed to Martinez's current choice of forum and given that transfer would serve the interest of justice, BMW's motion is GRANTED. The December 17, 2019 hearing and Case Management Conference are VACATED, and the stipulation at Dkt. No. 25 is TERMINATED AS MOOT. This case is TRANFERRED to the United States District Court for

---

[6] Martinez does not assert that this district's interest is greater than the Central District's interest.

the Central District of California.

**IT IS SO ORDERED.**

Dated: December 11, 2019

William H. Orrick
United States District Judge